**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Kimbaly A Hardwick,

Plaintiff,

v.

Arion Care Solutions LLC,

Defendant.

No. CV-26-04766-PHX-SHD

**ORDER**

Pending before me is Defendant Arion Care Solutions, LLC's ("Arion") Motion to Dismiss, in which it also moves for sanctions. (Doc. 9.) The motion is fully briefed. (Docs. 15, 18.) Also pending is Plaintiff Kimbaly Hardwick's Motion to Appoint Counsel. (Doc. 21.) For the reasons below, the motion to dismiss will be **granted** and this action will be **dismissed with prejudice**. Arion's request for sanctions will be **denied**. Hardwick's motion for appointment of counsel will be **denied as moot.**

This is Hardwick's third lawsuit arising from her employment with Arion as a paid caregiver for her adult son. In February 2026, Hardwick sued Arion, three Arion employees, and Arion's attorney. *Hardwick v. Arion Care Sols.*, No. 2:26-cv-00992-KML (D. Ariz. filed February 12, 2026) ("*Hardwick I*"). After Hardwick was given three opportunities to state a claim, Judge Lanham dismissed Hardwick's Second Amended Complaint with prejudice and entered judgment for the defendants. *Hardwick I*, 2026 WL 963565, at *1–2 (D. Ariz. Apr. 9, 2026). Thirteen days later, Hardwick filed a second suit against Arion, its attorney, and the attorney's law firm. *Hardwick v. Arion Care Sols.*, No.

2:26-cv-02785-KML (D. Ariz. filed April 22, 2026) ("*Hardwick II*"). Judge Lanham dismissed that complaint without leave to amend because it was barred by claim preclusion. *Hardwick II*, 2026 WL 1162312, at *1–2 (D. Ariz. Apr. 29, 2026). On June 5, 2026, Hardwick filed this action in Maricopa County Superior Court against Arion and two of its employees, asserting claims under the Equal Pay Act, the anti-retaliation provisions of the Fair Labor Standards Act and the False Claims Act, and Arizona Revised Statutes § 23-355.[1] (Doc. 1-3 at 6–12.) Arion removed the case to federal court and moved to dismiss on claim preclusion grounds.[2] (Doc. 1.)

Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quotation marks omitted). It applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* (citation omitted). In deciding whether it applies, I may take judicial notice of the records in Hardwick's earlier cases. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

For the same reasons that Judge Lanham gave in *Hardwick II*, each element is met with respect to Hadwick's claims here. 2026 WL 1162312, at *1. This suit arises from Hardwick's employment with Arion and subsequent legal proceedings—in other words, the same nucleus of facts as *Hardwick I*. *Id.* Judge Lanham dismissed *Hardwick I* with prejudice for failure to state a claim, which is a final judgment on the merits. *Id.* (citing *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002)). Finally, the parties are identical: Hardwick and Arion were both parties to *Hardwick I*. *See Hardwick I*, 2026 WL

---

[1] The two employees were dismissed for failure to serve on October 8, 2026. (Doc. 20.) They were also defendants in *Hardwick I*. *See Hardwick I*, Doc. 1.

[2] After briefing on Arion's motion to dismiss closed, Hardwick filed another action in this district against Arion, Arion's attorney, and the Arizona Division of Developmental Disabilities. *Hardwick v. Arion Care Sols. LLC*, No. 2:26-cv-10066-SPL (D. Ariz. filed Oct. 30, 2026).

963565, at *1.

I will therefore dismiss this action because Hardwick's claims are precluded by *Hardwick I*. No amendment can overcome the preclusive effect *Hardwick I*, so leave to amend would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (1995). Hardwick's complaint will therefore be dismissed with prejudice.

Finally, Arion requests its attorneys' fees under 28 U.S.C. § 1927 and my inherent authority. (Doc. 9 at 9–10.) Section 1927 applies only to conduct that multiplies the proceedings in a case; it does not apply to the filing of a complaint. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). The conduct Arion complains of is the filing of this action, so § 1927 does not apply. Sanctions under my inherent authority require a finding of bad faith or conduct tantamount to bad faith. *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001). I decline to make that finding on this record. Hardwick is cautioned, however, that further lawsuits based on these same events may result in sanctions or a vexatious litigant designation with pre-filing restrictions.

Accordingly,

**IT IS ORDERED** granting Arion's Motion to Dismiss (Doc. 9). This action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** denying Arion's request for attorneys' fees.

**IT IS FURTHER ORDERED** denying as moot Hardwick's Motion to Appoint Counsel (Doc. 21).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 16th day of November, 2026.

Honorable Sharad H. Desai
United States District Judge